IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

MELINDA WEBB,

    Plaintiff,

    v.

LIBERTY LIFE ASSURANCE
COMPANY OF BOSTON,

    Defendant.

CIVIL ACTION FILE
NO. 1:15-CV-2508-TWT

**OPINION AND ORDER**

This is an action to recover optional life insurance benefits and an accidental death insurance benefit under ERISA. It is before the Court on the Plaintiff's Motion for Partial Summary Judgment and to Permit Limited Discovery [Doc. 10], the Defendant's Motion for Summary Judgment [Doc. 21], and the Plaintiff's Motion for Judgment on the Administrative Record [Doc. 24]. For the reasons stated below, the Plaintiff's Motion for Partial Summary Judgment and to Permit Limited Discovery is DENIED. The Defendant's Motion for Summary Judgment is GRANTED and the Plaintiff's Motion for Judgment on the Administrative Record is DENIED.

T:\ORDERS\15\Webb\msjtwt.wpd

## I. Background

The Defendant, Liberty Life Assurance Company of Boston, issued an insurance policy to Adobe Systems Incorporated.[1] Adobe employed Ronald Webb, the deceased husband of the Plaintiff, Melinda Webb.[2] The insurance policy funds life insurance and accidental death benefits under an employee welfare benefit plan sponsored and maintained by Adobe pursuant to the Employee Retirement Income Security Act ("ERISA").[3] Mr. Webb began employment with Adobe on May 11, 2012.[4] Under the plan, he elected coverage of basic life insurance of $250,000, optional life insurance of $1 million, basic accidental death insurance of $250,000, and optional accidental death insurance of $1 million.[5] The Plaintiff was designated as the sole beneficiary of Mr. Webb's basic life insurance and his accidental death insurance.[6] The Plaintiff and Kim Princiotta were designated as co-beneficiaries of Mr. Webb's optional life insurance, at 96% and 4%, respectively.[7]

---

[1] Def.'s Statement of Facts ¶ 1.

[2] Id.

[3] Id. ¶ 2.

[4] Id. ¶ 3.

[5] Id. ¶ 4.

[6] Id. ¶ 5.

[7] Id.

On December 27, 2013, around 8:42 PM, Mr. Webb sustained a gunshot wound to the head.[8] The incident occurred in the home shared by Mr. Webb and the Plaintiff.[9] The Plaintiff was in the home during the incident and called 911 immediately following the gunshot.[10] The Forsyth County Sheriff's Office responded to the scene.[11] Mr. Webb was transported to a hospital and died there at 10:40 PM.[12] The Coroner later determined that Mr. Webb's death was the result of a self-inflicted gunshot wound to the head and that the death was a suicide.[13]

In a December 28, 2013, email, Adobe notified the Defendant that Mr. Webb had died.[14] Adobe returned a completed Employee Proof of Death form to the Defendant on December 30, 2013.[15] Adobe also notified the Defendant by December 31, 2013, that the cause of Mr. Webb's death was a "possible suicide."[16] On January

---

[8] Id. ¶ 12.

[9] Id. ¶ 13.

[10] Id. ¶¶ 14-15.

[11] Id. ¶ 16.

[12] Id. ¶ 17.

[13] Id. ¶¶ 33-34.

[14] Id. ¶ 18.

[15] Id. ¶ 19.

[16] Id. ¶ 22.

2, 2014, the Defendant's claims examiner, Priscille Boston, spoke to the Plaintiff by telephone.[17] Ms. Boston explained to the Plaintiff that optional life insurance benefits and accidental death benefits would not be payable due to the policy's suicide exclusions.[18] On January 6, 2014, the Defendant provided the Plaintiff with a claim form and requested a copy of Mr. Webb's death certificate.[19] The Defendant received the Plaintiff's completed and signed beneficiary statement, as well as Mr. Webb's death certificate on January 24, 2014.[20] In a January 27, 2014, letter, the Defendant notified the Plaintiff that it would pay basic life insurance benefits but not optional benefits.[21] The letter included a check for the basic life insurance benefits, plus interest.[22] The letter also informed the Plaintiff of her right to appeal the decision under ERISA.[23]

---

[17] Id. ¶¶ 23-24.

[18] Id. ¶ 27.

[19] Id. ¶ 28.

[20] Id. ¶ 29.

[21] Id. ¶¶ 35-38.

[22] Id. ¶¶ 39-40.

[23] Id. ¶ 41.

On March 26, 2014, the Plaintiff, through her attorney, requested that the Defendant review its decision to deny benefits.[24] Upon review of the file, the Defendant again decided to deny benefits and informed the Plaintiff of its decision via letter on June 23, 2014.[25] The Plaintiff filed this action on June 12, 2015. The Plaintiff now moves for partial summary judgment and limited discovery, as well as for judgment on the administrative record. The Defendant moves for summary judgment on the basis of a contractual limitations period and for judgment on the administrative record.

## II. Legal Standard

Summary judgment is appropriate only when the pleadings, depositions, and affidavits submitted by the parties show no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law.[26] The court should view the evidence and any inferences that may be drawn in the light most favorable to the nonmovant.[27] The party seeking summary judgment must first identify grounds to

---

[24] Id. ¶ 48.

[25] Id. ¶¶ 73-76.

[26] FED. R. CIV. P. 56(a).

[27] Adickes v. S.H. Kress & Co., 398 U.S. 144, 158-59 (1970).

show the absence of a genuine issue of material fact.[28] The burden then shifts to the nonmovant, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact does exist.[29] "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be a sufficient showing that the jury could reasonably find for that party."[30]

### III. Discussion

The Defendant argues that the Plaintiff's ERISA claim is barred by the Plaintiff's failure to file this action within the contractual limitations period. The Eleventh Circuit has held that "contractual limitations periods on ERISA actions are enforceable, regardless of state law, provided they are reasonable."[31] Here, the insurance policy states that a legal action may not be commenced "more than one year after the time Proof of claim is required."[32] The policy states that "[s]atisfactory Proof of loss must be given to Liberty no later than 30 days after the date of loss."[33] The

---

[28] Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986).

[29] Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986).

[30] Walker v. Darby, 911 F.2d 1573, 1577 (11th Cir. 1990).

[31] Northlake Regional Med. Ctr. v. Waffle House Sys. Empl. Benefit Plan, 160 F.3d 1301, 1303 (11th Cir. 1998).

[32] A.R. at 45.

[33] Id. at 46.

policy creates an exception to that rule where it is not reasonably possible to furnish proof within 30 days.[34] Then, proof of loss must be furnished as soon as reasonably possible, but "in no event, except in the absence of legal capacity of the claimant, later than one year from the time Proof is otherwise required."[35] Interpreting this same policy language, the Northern District of Florida found that where proof is required within 30 days, "a claim cannot be made more than one year plus 30 days from the date of the loss."[36] Where proof cannot reasonably be furnished within 30 days, that court found that an additional year would be added to the contractual limitations period.[37] This Court finds the Northern District of Florida Court's reasoning persuasive.

Here, Mr. Webb died on December 27, 2013.[38] On January 24, 2014, the Plaintiff submitted the proof required by the insurance policy.[39] It is clear that proof of loss could be reasonably furnished within 30 days of the loss. Proof was therefore

---

[34] Id.

[35] Id.

[36] Harrison v. Liberty Life Assurance Co. of Boston, No. 5:11-cv-60/RS-GRJ, 2011 WL 2118954, at *2 (N.D. Fla. May 27, 2011).

[37] Id.

[38] A.R. at 231.

[39] Id. at 57.

required within 30 days of the loss. As a result, the contractual limitations period is one year and 30 days from the date of loss. The Plaintiff was required to file suit by January 27, 2015. This suit was not filed until June 12, 2015, which means it was not filed within the contractual limitations period. The Court finds no reason not to enforce the limitations period as written. The Defendant's motion for summary judgment should be granted. Because the Court finds that the Plaintiff did not file her claim within the contractual limitations period, there is no need to address the motion for judgment on the administrative record. The Plaintiff's Motion for Judgment on the Administrative Record should be denied. The Plaintiff also moves for partial summary judgment and limited discovery regarding the administrative record. The motion, however, is essentially a motion to compel. Given that this Court found on January 25, 2016, that no further discovery would be produced, the Plaintiff's motion should be denied.

## IV. Conclusion

For the reasons stated above, the Plaintiff's Motion for Partial Summary Judgment and to Permit Limited Discovery [Doc. 10] is DENIED. The Defendant's Motion for Summary Judgment [Doc. 21] is GRANTED and the Plaintiff's Motion for Judgment on the Administrative Record [Doc. 24] is DENIED.

SO ORDERED, this 1 day of June, 2016.

/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge