IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

MELINDA WEBB,

    Plaintiff,

    v.

LIBERTY LIFE ASSURANCE
COMPANY OF BOSTON,

    Defendant.

CIVIL ACTION FILE
NO. 1:15-CV-2508-TWT

**ORDER**

This is an action to recover optional life insurance benefits and an accidental death insurance benefit under ERISA. It is before the Court on remand from the United States Court of Appeals for the Eleventh Circuit to determine whether the Plaintiff reasonably relied on the Defendant's statement. For the following reasons, the Court finds that she did not reasonably rely on the Defendant's statement, and the Defendant's Motion for Summary Judgment [Doc. 21] is once again GRANTED, and the Plaintiff's Motions for Partial Summary Judgment and to Permit Limited Discovery [Doc. 10] and for Judgment on the Administrative Record [Doc. 24] are likewise DENIED.

**I. Background**

To briefly recap the facts of this case, the Defendant, Liberty Life Assurance Company of Boston, issued an insurance policy to Adobe Systems Incorporated. The insurance policy funds life insurance and accidental death benefits under an employee welfare benefit plan sponsored and maintained by Adobe pursuant to the Employee Retirement Income Security Act ("ERISA"). Adobe employed Ronald Webb, who was covered under the plan and was the husband of the Plaintiff, Melinda Webb.

On December 27, 2013, Mr. Webb died following a gunshot wound to the head. The Coroner later determined that Mr. Webb's death was the result of a self-inflicted gunshot wound to the head and that the death was a suicide. The Plaintiff filed a claim for benefits under the policy with Liberty, but most of those benefits were denied because of the policy's suicide exclusions. Ms. Webb asked Liberty to review its decision, but the Defendant did not change its opinion. Liberty informed Ms. Webb of the denial of her appeal in a letter dated June 23, 2014 ("June 23 Letter"). In that letter, Liberty told Ms. Webb that, "At this time, the appeal process has been exhausted and further review will be conducted by Liberty."

On January 6, 2015, the deadline for Ms. Webb to file a claim passed under the terms of the policy. On May 5, 2015, Ms. Webb's lawyer sent Liberty a letter inquiring about the further review mentioned in Liberty's June 23 Letter. Ten days

lateer, on May 15, 2015, Liberty responded, thanking Ms. Webb's attorney for "pointing out the typo in [its] letter." Liberty said it had meant that <u>no</u> further review would be conducted.

The Plaintiff then filed this action on June 12, 2015, more than six months after the policy deadline for filing claims had passed. Liberty removed the case to federal court and moved for summary judgment based on the contractual deadline and the administrative record. This Court granted summary judgment on the deadline alone, and the Plaintiff appealed.

On appeal, the Plaintiff argued that this Court had misread the limitation provisions in the policy, and that Ms. Webb had relied on Liberty's June 23 Letter in delaying her claims. The Eleventh Circuit agreed with the Court's reasoning regarding the deadline. However, the Eleventh Circuit held that "[i]f Ms. Webb believed the administrative review process was incomplete based on Liberty's statement [that it was conducting further review], and if an objectively reasonable person in her place would have believed as much, the limitations period in this case would be unreasonable..." The Eleventh Circuit, therefore, remanded to this Court to make a determination in the first instance as to whether Ms. Webb reasonably relied on Liberty's typo, and, if necessary, address the administrative record.

## II. Discussion

The Eleventh Circuit has remanded this case for the limited purpose of deciding whether Ms. Webb reasonably relied on the typo in Liberty's June 23, 2015 letter, leading to her delay in filing her claim. The Court finds that she did not.

The June 23 Letter contained language which clearly contradicted itself. It said that the appeals process was "exhausted," but also that further review would be conducted. Given that these are two mutually exclusive concepts, a reasonable person could certainly find this contradictory language confusing. However, faced with such a situation, a reasonable person would have sought to clarify the discrepancy.

At the time the June 23 Letter was sent, Ms. Webb still had nearly six months remaining to file her claim, meaning that she also had nearly six months to ask Liberty for clarification. She did not. Instead, Ms. Webb waited over ten months before inquiring about the June 23 Letter. Given the frequent correspondence between Ms. Webb and Liberty that occurred before the June 23 Letter, her delay can lead this Court to only one of two conclusions. Either Ms. Webb unreasonably relied on the contradictory language by failing to inquire or she understood that it was a typo and that Liberty had meant to say that no further review would be conducted. In other words, either she knew, or she should have

known that it was a typo. Whichever is true, neither would render the limitations provision of the ERISA policy unreasonable. Accordingly, summary judgment must be granted to Liberty.[1]

### III. Conclusion

For the reasons stated above, the Defendant's Motion for Summary Judgment [Doc. 21] is GRANTED, and the Plaintiff's Motions for Partial Summary Judgment and to Permit Limited Discovery [Doc. 10] and for Judgment on the Administrative Record [Doc. 24] are DENIED.

SO ORDERED, this 3 day of August, 2017.

/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge

---

[1] Because the limitations provision is reasonable, and because Ms. Webb failed to abide by it, it is unnecessary to address the merits of Liberty's denial of benefits on the basis of the administrative record.